UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER D. HUNT and JULIETTA HUNT, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Cause No. 1:11-cv-1265-WTL-MJD ) |
| GOLDEN TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendant's motion for summary judgment (Dkt. No. 68). The motion is fully briefed, and the Court, being duly advised, rules as follows.

## I.   STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." At the summary judgment stage, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not

1

required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.     BACKGROUND

The facts taken in the light most favorable to the nonmovant are as follow. On September 29, 2010, Plaintiff Roger Hunt attempted to navigate his scooter down a ramp that ran from his front porch to the gravel drive of his property. Hunt overshot the ramp, causing the front wheel of the scooter to become lodged inside the railing of the ramp. Because the wheel had become lodged inside the railing, Hunt got off the scooter[1] and attempted to free the front wheel by grabbing the left armrest of the scooter with both hands and pulling the scooter toward him. The armrest detached from the scooter and Hunt fell, striking his head on the concrete. Hunt sustained a fractured skull and spent forty-one days in the hospital. He now suffers from short-term memory loss, facial swelling, persistent headaches, and limited mobility and pain in his right shoulder and back.

Hunt and his wife bring the instant action against the manufacturer of the scooter, Defendant Golden Technologies, Inc. ("Golden").[2] The Hunts assert claims under strict liability, negligence, and breach of warranty. Golden seeks summary judgment, arguing that Hunt misused the product as a matter of law.

## III.     DISCUSSION

The Indiana Products Liability Act ("IPLA") governs claims brought by a user or consumer against the manufacturer or seller of a product for physical harm caused by the product. Ind. Code § 34-20-1-1. Misuse of the product is a defense under IPLA where "a cause

---

[1] Hunt is able to ambulate short distances.

[2] The Hunts also originally asserted claims against Mobility 101, LLC, the entity that delivered the scooter, but Mobility has since been dismissed. Dkt. No. 89.

of the physical harm is a misuse of the product by the claimant . . . not reasonably expected by the seller." Ind. Code § 34-20-6-4. The defendant bears the burden of proving that the plaintiff misused the product in an unforeseeable manner. *E.g.*, *Barnard v. Saturn Corp.*, 790 N.E.2d 1023, 1029 (Ind. Ct. App. 2003).

Here, Golden seeks summary judgment on the ground that Hunt's use of the armrest constitutes misuse as a matter of law because such a use of the armrest was not reasonably foreseeable by Golden. The foreseeability of intervening misuse is usually a question for the trier of fact. *Morgen v. Ford Motor Co.*, 797 N.E.2d 1146, 1149 (Ind. 2003). Yet misuse as a matter of law may be found when the undisputed evidence conclusively shows that the plaintiff's use of the product was not reasonably expectable by the seller. *Barnard*, 790 N.E.2d at 1031. After reviewing the evidence of record, the Court is unable to say that the evidence conclusively establishes that Hunt's particular use of the armrest was not reasonably foreseeable by Golden. Summary judgment for Golden as a result of Hunt's alleged misuse is therefore inappropriate.

### IV.   CONCLUSION

For the foregoing reasons, Golden's motion for summary judgment is **DENIED**.

SO ORDERED:    03/12/2013

*/s/ William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.